STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ADIBI
2023 OK 17
Case Number: SCBD-7400
Decided: 02/21/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 17, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
ARYA AFFELDT ADIBI, Respondent.

ORDER

¶1 Upon consideration of (1) Respondent's Affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, in which Respondent, Arya Affeldt Adibi, requests that he be allowed to relinquish his license to practice law and to resign from membership in the Oklahoma Bar Association, and (2) Complainant's Application for Order Approving Resignation,

¶2 THE COURT FINDS AND HOLDS:

¶3 During the pendency of disciplinary proceedings against him, Arya Affeldt Adibi offered, on February 1, 2023, to surrender his license to practice law and to resign from Bar membership.

¶4 Respondent's act of surrender and resignation was freely and voluntarily made without coercion or duress.

¶5 Respondent is fully aware of the legal consequences that will flow from his resignation.

¶6 Respondent is aware of pending investigations by the Bar's General Counsel into grievances made against him. Respondent is aware that a Formal Complaint was filed against him and is currently pending before the Oklahoma Supreme Court, alleging violations of professional duties and the oath of an attorney. If proven, these grievances would constitute violations of Rules 1.3 and 7.1, RGDP, and Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC) 5 O.S. 2011, ch.1, app. 3-A, and Respondent's oath as a licensed Oklahoma lawyer.

¶7 The grievances contain these allegations:

Count I

¶8 On February 18, 2020, Respondent was arrested on eleven (11) felony criminal charges involving a domestic incident with his wife in Tulsa County Case No. CF-2020-880. ¶9 On July 1, 2020, the Complainant, Oklahoma Bar Association (OBA), filed a verified complaint against the Respondent, Arya Adibi, and filed an Application for Emergency Interim Suspension pursuant to Rule 6.2A of the RGDP.

¶10 On June 9th and 13th, 2022, respectively, Respondent's bar membership was "Stricken" by Order of this Court in SCBD No. 7058 and SCBD No. 7059 for Respondent's failure to pay his 2021 bar dues and for his failure to comply with his MCLE requirements.

¶11 As part of Respondent's July 30, 2020, Answer to Complaint and Response to Application for Immediate Interim Suspension, Respondent denied all eleven criminal charges filed against him.

¶12 Contrary to Respondent's initial assertions, on January 20, 2023, Respondent entered a plea of Guilty to the felony crime of Sexual Battery, in violation of 21 O.S. § 112321 O.S. § 644.121 O.S. 843.5

¶13 The issue of Respondent's competency to enter the plea of Guilty was specifically addressed on page five of the Plea of Guilty Summary of Facts filed on January 20, 2023 in Tulsa County Case No. CF-2020-880, and the Court found Respondent was competent for purposes of that hearing.

¶14 The Oklahoma Bar Association (OBA), in compliance with Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), forwarded to this Court certified copies of the Information, Probable Cause Affidavit, Judgment and Sentence, Rule 8 Hearing Order, Felony Domestic Violence Court Rules and Conditions and Conditions of Probation in the matter of State of Oklahoma v. Arya Adibi CF-2020-880, in Tulsa County, Oklahoma.

¶15 The Court sentenced Adibi on the felony crime of Sexual Battery to a ten-year sentence. The Court sentenced Adibi on the felony crime of Child Neglect to a five-year sentence, to be run consecutively to the Sexual Battery sentence of ten years. The Court sentenced Adibi on the felony crime of Domestic Abuse and Battery by Strangulation to a three-year sentence, to be run consecutively to the Child Neglect sentence of five years.

¶16 Respondent waives any and all right to contest the allegations in a bar disciplinary proceeding.

¶17 Respondent recognizes, understands and agrees that he may not apply for reinstatement of his legal license (and of his membership in the Bar) before the expiration of five years from the effective date of this order.

¶18 Respondent agrees to comply with Rule 9.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A, and acknowledges that his license to practice law may be reinstated only upon compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A.

¶19 Respondent acknowledges that his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made or to be made because of his actions, with applicable statutory interest, prior to the filing of any application for reinstatement.

¶20 Respondent acknowledges the OBA has incurred costs in the investigation and prosecution of this matter, and agrees he is responsible for reimbursement of these costs.

¶21 On February 9, 2023, the OBA filed its Amended Application to Assess Costs itemizing costs in the amount of $6,095.77, and requesting reimbursement from Respondent of this amount.

¶22 Respondent's resignation during the pendency of disciplinary proceedings is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A.

¶23 Respondent's name and address appear on the official Bar roster as: Arya Affeldt Adibi, 6226 E. 98th

¶24 THE COURT THEREFORE ORDERS THAT the resignation of Arya Affeldt Adibi tendered during the pendency of disciplinary proceedings is approved; the Respondent's name is stricken from the Roll of Attorneys and he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five years from the date of this order; repayment to the Client Security Fund for any money disbursed (or to be disbursed) because of Respondent's conduct shall be a condition of Respondent's reinstatement; Respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011, ch. 1, app. 1-A.

¶25 It is further ordered that the Respondent pay costs in the amount of $6,095.77 within thirty days from the date of this Order. Any consideration of any future Rule 11 petitions is conditioned upon such payment.

¶26 DONE BY ORDER OF THE SUPREME COURT this 21st day of February, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.